Carolyn Perkins, Esq.  (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
cperkins@carolynperkinslaw.com

Brandon A. Rotbart, Esq., Of Counsel,
*pro hac vice pending*
Florida Bar No.  124771
rotbart@rotbartlaw.com
Law Office of Brandon A. Rotbart, PA
11098 Biscayne Boulevard, Suite 401-18
Miami, Florida 33161
Telephone (305) 350-7400

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHELE A. JOSEPH, Individually, | |
| Plaintiff, | |
| vs. | **COMPLAINT** (Injunctive Relief Requested) |
| KA AIRPORT HOTEL, LLC, a Utah Limited Liability Company, | Case No. |
| Defendant. | |

Plaintiff, MICHELE A. JOSEPH, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff") hereby sues the Defendant, KA AIRPORT HOTEL, LLC, a Utah Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, MICHELE A. JOSEPH, is an individual who resides in North Las Vegas, NV, in the County of Clark.

2. Defendant's property, La Quinta Inn & Suites by Wyndham Salt Lake City Airport, is located at 4905 W. Wiley Post Way, Salt Lake City, UT 84116, in the County of Salt Lake.

3. Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. 2201 and 2202.

5. Plaintiff, Michele A. Joseph has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

6. Plaintiff Michele A. Joseph is a Nevada resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Joseph is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

7. Ms. Joseph frequently visits Salt Lake City for vacation and to visit with her cousin Jordan Clarkson, who plays for the Utah Jazz professional basketball team, and her nephew.

8. Michele A. Joseph stayed at the subject hotel on October 29, 2021, to October 30, 2021, and intends to return to the hotel September 5, 2023, pursuant to a confirmed reservation. While at the Defendant's property, the Plaintiff has encountered architectural barriers at the

subject property that endangered her safety.  She intends to return to the subject hotel when it is accessible to her, to avail herself to the goods and services offered to the public at the property, and to confirm the property is brought into compliance with the ADA.

9. Defendant owns, leases (or leases to), or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases (or leases to) is a property known as La Quinta Inn & Suites by Wyndham Salt Lake City Airport, and is located at 4905 W. Wiley Post Way, Salt Lake City, UT 84116.

10. Michele A. Joseph has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 12 of this Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Ms. Joseph desires to visit the subject property not only to avail herself of the goods and services available at the property but to assure herself that the property is in compliance with the ADA so that the she and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of La Quinta Inn & Suites by Wyndham Salt Lake City Airport has shown that violations exist. These violations that Michele A. Joseph has personally observed or encountered include, but are not limited to:

### Accessible Parking

13. The ground surface for the parking spaces is not maintained making it difficult for the Plaintiff to traverse in violation of Section 36.211 of the 28 CFR Part 36, whose resolution is readily achievable.

14. There are access aisles that do not adjoin accessible routes making it difficult for the Plaintiff to utilize, in violation of Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

15. The accessible parking signs do not meet the minimum height requirement of 60 inches above the ground surface to the bottom of the sign making it difficult for the Plaintiff to identify the accessible parking space, in violation of Section 502.6 in the 2010 ADA Standards, whose resolution is readily achievable.

16. The accessible parking stall is missing compliant signage with international symbol of accessibility making it difficult for the Plaintiff to identify as the accessible parking space, in violation of Sections 216.5, 502.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

17. The parking spaces and access aisles have vertical changes in level and abrasive cracks making it difficult for the Plaintiff to traverse, in violation of Sections 302.3 and 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

18. The accessible route has a vertical change in level that exceeds the maximum

requirement of ¼ inch where the parking spaces meet the walkway making it difficult for the Plaintiff to traverse, in violation of Sections 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

19. The passenger loading zone does not provide a marked access aisle adjacent to the vehicle pull-up space making it difficult for the Plaintiff to traverse, in violation of Section 503.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Customer Service Counter**

20. The customer service counter exceeds the maximum height requirement of 36 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Section 904.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Women's Public Restroom**

21. The toilet compartment stall door is not self-closing as required making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

22. The toilet compartment stall door does not provide u-shaped loop handles on both sides of the door as required making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

23. The toilet cover dispenser exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to reach, in violation of Sections 308.2.1, 308.2.2, and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

24. The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the Plaintiff to utilize, in violation of Section 305.3 and

305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

The Plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines being exposed and in need of insulation, in violation of Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

25. The paper towel dispenser requires tight grasping and pinching to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

### Guest Rooms

26. The guest room door signage does not provide the International Symbol of Accessibility (ISA) and Braille as required making it difficult for the Plaintiff to identify as the accessible room, in violation of Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

27. The beds do not provide 36 inches of clear width as required making it difficult for the Plaintiff to utilize, in violation of Sections 305, 305.7.1, and 806.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

28. The desk does not provide compliant clear floor space for an approach due to the obstructions of the chair and A/C unit making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 902.2 in the 2010 ADA Standards, whose resolution is readily achievable.

29. The toilet paper dispenser is not 7 inches minimum and 9 inches maximum in front of the water closet as required making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

30. The toilet is obstructing the clear floor space for an approach to the towel rack making it difficult for the Plaintiff to reach, in violation of Sections 305.3 and 305.6 in the 2010

ADA Standards, whose resolution is readily achievable.

31.     The trash can is obstructing the clear floor space for an approach and the toe clearance making it difficult for the Plaintiff to use the lavatory, in violation of Sections 306.1, 306.2, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

32.     A grab bar is placed on the seat wall of the standard roll-in typ shower compartment making it difficult for the Plaintiff to utilize the seat, in violation of Section 608.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

33.     The standard roll-in type shower controls are not in the compliant location on the back wall making it difficult for the Plaintiff to utilize, in violation of Section 608.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

34.     The hand-held shower spray unit does not provide an on/off control with a non-positive shut-off as required making it difficult for the Plaintiff to utilize, in violation of Section 608.6 in the 2010 ADA Standards, whose resolution is readily achievable.

35.     The fridge and microwave are obstructing the clear floor space for an approach to the thermostat making it difficult for the Plaintiff to reach, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose violation is readily achievable.

36.     The desk and A/C unit are obstructing the clear floor space for an approach to utilize the curtain rods and lamp making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

37.     The Plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines for both sinks in the guestroom are exposed and in need of insulation are not insulated or otherwise configured to protect against contact, as required in Section 606.5 of the 2010 Standards, which remedy is readily achievable.

38. The hair dryer exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

39. The subject hotel lacks the required number of compliant disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

40. The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

41. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

42. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facility, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the

ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

43. Defendant has discriminated against the Plaintiff, by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

45. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. 12205 and 28 CFR 36.505.

46. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative,

if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

47. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

48. Pursuant to 42 U.S.C. 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter La Quinta Inn & Suites by Wyndham Salt Lake City Airport to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the

    extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

 c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. 12205.

 d. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

 e. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: _____, 2023   Respectfully submitted,

        /s/ Carolyn Perkins
        Carolyn Perkins, Esq. (13469)
        Law Offices of Carolyn Perkins
        P.O. Box 52704
        Salt Lake City, Utah 84106
        Telephone: (801) 405-9954
        cperkins@carolynperkinslaw.com

        Brandon A. Rotbart, Esq., Of Counsel,
        *pro hac vice pending*
        Florida Bar No. 124771
        rotbart@rotbartlaw.com
        Law Office of Brandon A. Rotbart, PA

11098 Biscayne Boulevard, Suite 401-18
Miami, Florida 33161
Telephone (305) 350-7400